IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JASON WAYNE DETAR, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 06-CV-453-JHP-PJC |
| ) | |
| STANLEY GLANZ, Sheriff; and ) | |
| THE ATTORNEY GENERAL FOR THE ) | |
| STATE OF OKLAHOMA, ) | |
| ) | |
| Respondents. ) | |

## OPINION AND ORDER

Before the Court is the 28 U.S.C. § 2241 pretrial petition for writ of habeas corpus (Dkt. # 2), filed by Petitioner Jason Wayne Detar, a prisoner represented in this matter by counsel. In response to the petition, Respondent filed a motion to dismiss for failure to exhaust state remedies (Dkt. # 11). Respondent asserts that the petition must be dismissed because Petitioner has never presented any claim cognizable on federal habeas corpus review in the state courts of Oklahoma. Petitioner filed a response (Dkt. # 16) to the motion to dismiss. Respondent filed a reply (Dkt. # 17). For the reasons discussed below, the Court finds that this petition should be denied regardless of the exhaustion status of Petitioner's claims. As a result, Respondent's motion to dismiss for failure to exhaust state remedies has been rendered moot and should be denied on that basis.

### *BACKGROUND*

Petitioner has provided copies of state court pleadings, see Dkt. # 2, attached exhibits, reflecting that by Information filed July 28, 2005, in Tulsa County District Court, Case No. CF-2005-3294, he was charged with committing the crime of First Degree Murder, in violation of Okla. Stat. tit. 21, § 701.7. He was seventeen (17) years of age at the time of the alleged offense. Pursuant to Oklahoma law, a district court is required to conduct a preliminary hearing within ninety (90)

days of the filing of charges against a minor defendant. See Okla. Stat. tit. 10, § 7306-2.5(C)(2) (2001). In Petitioner's case, the deadline for a timely preliminary hearing was October 26, 2005. The case came on for preliminary hearing on October 27, 2005, or one (1) day beyond the deadline. See Dkt. # 2, attached exhibits.  As a result, Petitioner filed a motion to dismiss based on the failure to conduct the preliminary hearing within the statutory time constraints. The state district court judge heard argument from the parties and took the matter under advisement. On November 1, 2005, after hearing additional argument, the state district court denied the motion to dismiss after determining that the ninety day period commenced from the date of the accused's initial appearance and finding that the time for conducting Petitioner's preliminary hearing had yet to lapse. See id. Petitioner filed a petition for a writ of mandamus/prohibition in the Oklahoma Court of Criminal Appeals ("OCCA"), requesting that the state district court be directed to dismiss the murder charge based on the failure to hold the preliminary hearing within the statutory time constraint.  By Order filed December 19, 2005, in MA-2005-1188, see Dkt. # 2, Ex. D, attachment A, the OCCA declined to assume original jurisdiction, and found as follows:

> Petitioner has not shown that this ninety-day time frame set by Section 7306-2.5(C)(2) for conducting a juvenile's preliminary hearing is one of jurisdictional magnitude.  Not all time limitations are jurisdictional.  Interpreting Section 7306-2.5(C)(2) as requiring completion of the preliminary hearing within ninety days as a prerequisite for the magistrate to retain jurisdiction would be inconsistent with prior holdings recognizing that the ninety-day requirement can be waived.  Even proof that a defendant has been unlawfully brought before the court does not necessarily deprive a court of jurisdiction.
>
> * * * *
>
> For a writ of prohibition to issue, Petitioner must demonstrate an illegal exercise of judicial power that "will result in injury for which there is no other remedy."  Rule 10.6(A), *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch. 18, App. (2005).  For a writ of mandamus, Petitioner must prove "the adequacy of mandamus and the inadequacy of other relief."  Rule 10.6(B).  If Petitioner's Application for Certification is denied and he can establish that he has suffered prejudice because of an erroneous delay in the preliminary hearing, he can assert that

>  issue in a juvenile appeal from the final certification order. Petitioner has not shown that this appellate remedy is inadequate.

(Dkt. # 2, Ex. D, attachment A (footnotes omitted)).

Thereafter, on January 25, 2006, the state district court held a hearing on Petitioner's motion to be certified as a youthful offender. Petitioner's motion was denied, he was found to be an adult, and was bound over for district court arraignment. On February 1, 2006, Petitioner perfected a juvenile appeal to the OCCA from the district court's denial of his motion to be certified as a youthful offender. See Dkt. # 2, Ex. C. He identified three (3) propositions of error, as follows:

>  Proposition 1: Because a preliminary hearing was not held within 90 days, the trial court abused its discretion when it denied appellant's motion to dismiss.
>
>  Proposition 2: The State's delay in commencing a preliminary hearing prejudiced appellant because the lower court's denial of youthful offender status was based upon alleged insufficient time to complete the rehabilitation program.
>
>  Proposition 3: The trial court abused its discretion when it denied appellant's motion to certify J.W.D. as a youthful offender when J.W.D. had rebutted the presumption he stand trial as an adult and proved by a preponderance of the evidence he met the guidelines set forth in the youthful offender act.

(Id.) After hearing oral argument and by Order filed June 8, 2006, in J-2006-131 (Dkt. # 2, Ex. B), the OCCA rejected each of Petitioner's claims, and affirmed the denial of Petitioner's motion to be certified as a youthful offender.

Petitioner filed his federal petition for writ of habeas corpus (Dkt. # 2) on August 31, 2006. He claims that the OCCA's ruling on the issue concerning the state district court's failure to commence his preliminary hearing within 90 days as required by state statute was made "in contradiction of United States Supreme Court precedent and applicable state law." Id. Petitioner further alleges that as a result of the OCCA's ruling, his "due process rights guaranteed by the Due Process Clause of the Fourteenth Amendment of the United States Constitution were violated; and

3

accordingly, Petitioner is entitled to federal habeas corpus relief." Id.  In his request for relief, Petitioner asks that this Court "grant Petitioner's request for habeas corpus relief, release Petitioner from custody, Order the State Court matter dismissed, and such other and further relief as the Court deems just and equitable." Id.

### *ANALYSIS*

**A.    Exhaustion**

"A habeas petitioner is generally required to exhaust state remedies whether his action is brought under § 2241 or § 2254." Montez v. McKinna, 208 F.3d 862, 866 (10th Cir. 2000) (citing Coleman v. Thompson, 501 U.S. 722, 731 (1991)).  The Supreme Court "has long held that a state prisoner's federal petition should be dismissed if the prisoner has not exhausted available state remedies as to any of his federal claims." Coleman, 501 U.S. at 731.  To exhaust a claim, a habeas corpus petitioner in custody pursuant to an Oklahoma state court judgment must have "fairly presented" that specific claim to the Oklahoma Court of Criminal Appeals.  See Picard v. Conner, 404 U.S. 270, 275-76 (1971).  The exhaustion requirement is based on the doctrine of comity. Id. at 275.  Requiring exhaustion "serves to minimize friction between our federal and state systems of justice by allowing the State an initial opportunity to pass upon and correct alleged violations of prisoners' federal rights." Duckworth v. Serrano, 454 U.S. 1, 3 (1981) (*per curiam*).

In this case, Petitioner did not alert the OCCA to his due process claim.  Instead, the focus of his appeal was that the state district court abused its discretion in failing to comply with a state law requirement.  Although he cited a decision by the United States Supreme Court in his application, that citation is not enough to constitute fair presentation of a constitutional claim, especially since the decision cited, Eberhart v. United States, 546 U.S. 12 (2005), did not address

4

due process or constitutional issues. Instead, the Eberhart decision addressed the time constraints imposed on the filing of a motion for new trial under Federal Rule of Criminal Procedure 33 and whether failure to comply with the timing requirement deprived the federal district court of jurisdiction to consider the motion.  In this case, Petitioner's citation to Eberhart with no accompanying discussion of any constitutional ramifications applicable to his case is not enough to satisfy the exhaustion requirement.  The Court finds, therefore, that Petitioner's due process claim asserted in his petition for writ of habeas corpus is unexhausted.

Although Petitioner has not presented his due process claim to the state courts of Oklahoma, it is doubtful whether the Oklahoma Court of Criminal Appeals would consider Petitioner's claim given the procedural posture of his case. When considering post-conviction claims, for example, the OCCA routinely imposes a procedural bar on a claim that could have been but was not raised in a prior proceeding. Cf. Okla. Stat. tit. 22, § 1086.  Petitioner's constitutional due process claim was available at the time he filed his juvenile appeal from the district court's denial of his motion to be certified as a youthful offender.  Because he could have raised a due process claim in his juvenile appeal and did not, it appears that to require Petitioner to return to state court to raise his due process claim would be futile.

The Tenth Circuit Court of Appeals has held that where no credible federal constitutional claim is raised in a § 2241 petition, it is not inconsistent with § 2241 to follow the policy of § 2254(b)(2) (providing that "[a]n application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State"). Montez, 208 F.3d at 866.  Furthermore, while it may be appropriate to apply an anticipatory procedural bar to Petitioner's due process claim, see Anderson v. Sirmons, 476 F.3d 1131, 1140 n.

7 (10th Cir. 2007), the Court may decline to address a procedural bar if the claim may be more easily and succinctly addressed on the merits. See Spears v. Mullin, 343 F.3d 1215, 1256 (10th Cir. 2003) (citing Romero v. Furlong, 215 F.3d 1107, 1111 (10th Cir. 2000)). Therefore, the Court has conducted a review of Petitioner's due process claim regardless of the exhaustion or procedural status of the claim, and finds that, for the reasons discussed below, Petitioner has failed to demonstrate that his pretrial proceedings were rendered fundamentally unfair in violation of due process.

**B. Petitioner is not entitled to habeas corpus relief**

Petitioner asserts that he is entitled to dismissal of the criminal charge pending in Tulsa County District Court because the State failed to comply with Okla. Stat. tit. 10, § 7306-2.5(C)(2) (2001) (requiring that a preliminary hearing be held within ninety (90) days of being charged). It is well established that Petitioner's claims of state law violations are not cognizable in a federal habeas action. 28 U.S.C. § 2241(c)(3); Montez, 208 F.3d at 865. A federal court may not issue a writ of habeas corpus on the basis of a perceived error of state law, unless it is determined that the state law violation rendered the proceedings fundamentally unfair. James v. Gibson, 211 F.3d 543, 555 (10th Cir.2000) (citing Boyd v. Ward, 179 F.3d 904, 916 (10th Cir.1999)). In conducting habeas review, a federal court is limited to deciding whether "a conviction violated the Constitution, laws, or treaties of the United States." Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) (citing 28 U.S.C. § 2241; Rose v. Hodges, 423 U.S. 19, 21 (1975) (*per curiam*)). Therefore, to the extent Petitioner argues entitlement to habeas corpus relief based solely on an allegation that the state courts erroneously applied state law, his argument fails.

The Court further finds that Petitioner has failed to present an argument supporting federal

6

habeas relief. Federal habeas review does not extend to the correction of purely state law procedural errors that do not rise to the level of a constitutional due process violation. In this case, the procedural irregularity in failing to comply with the time constraints imposed on preliminary hearings by Okla. Stat. tit. 10, § 7306-2.5(C)(2), does not represent a violation of constitutional due process standards. Petitioner's reliance on an unpublished OCCA opinion filed February 17, 2005, Beltran v. Hon. Phillip Ross, Special Judge, No. MA-2006-128, is misplaced. See Dkt. # 2, Ex. A. In that case, the petitioner argued that the state district court had lost jurisdiction to further prosecute his case because his preliminary hearing was not held within ninety (90) days of the date he was charged as required under Okla. Stat. tit. 10, § 7306-2.6(E). The OCCA denied the petition for writ of mandamus and/or prohibition, finding that the District Court of Kay County retained subject matter jurisdiction over the criminal charges and had personal jurisdiction over the petitioner. In its Beltran order, the OCCA cited Eberhart v. United States, 546 U.S. 12 (2005), for the proposition that a failure to comply with a rule's time constraints does not deprive a court of jurisdiction to consider the matter at hand, but instead should be characterized as an inflexible claim-processing rule. See Dkt. # 2, Ex. A. Thus, contrary to Petitioner's assertion, the OCCA's ruling in his case that the state district court retained jurisdiction despite non-compliance with the ninety-day requirement was entirely consistent with the ruling in Beltran. Although Petitioner's preliminary hearing was commenced on the ninety-first day after the filing of charges against him, the state district court retained jurisdiction and, in the absence of prejudice resulting from the delay, could proceed with resolving the criminal charges filed against Petitioner.

The OCCA also determined that Petitioner had "not established any prejudice suffered as a result of the delay in conducting his preliminary hearing, and therefore no error." See Dkt. # 2,

Ex. B.[1]  In this habeas action, Petitioner does not argue, and nothing in the record suggests, that he was prejudiced by the one-day delay in commencing his preliminary hearing.  Therefore, the Court finds that the state district court's failure to commence Petitioner's preliminary hearing within the ninety-day time constraint imposed by state statute did not render Petitioner's pretrial proceedings fundamentally unfair in violation of his constitutional right to due process.  As a result, Petitioner is not entitled to pretrial habeas corpus relief and his petition shall be denied.  Respondent's motion to dismiss has been rendered moot and shall be denied on that basis.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1. The petition for writ of habeas corpus (Dkt. # 2) is **denied**.

2. Respondent's motion to dismiss for failure to exhaust state remedies (Dkt. # 11) is **declared moot**.

DATED THIS 25th day of September 2007.

James H. Payne
United States District Judge
Northern District of Oklahoma

---

[1] As proposition II in his juvenile appeal, Petitioner argued that he was prejudiced by the delay in commencing his preliminary hearing because the lower court's denial of his request to be certified as a youthful offender was based on expressed concerns that Petitioner would lack sufficient time to complete the rehabilitation program. See Dkt. # 2, Ex. C at 6. Nothing provided by Petitioner suggests that the short delay at issue in this matter significantly impacted concerns regarding Petitioner's ability to complete the rehabilitation program.